Leigh A. White, State Bar No. 167477
Connor J. Moyle, State Bar No. 250384
CARLTON DiSANTE & FREUDENBERGER LLP
601 Montgomery Street
Suite 350
San Francisco, California 94111
Telephone: (415) 981-3233
Facsimile: (415) 981-3246
E-Mail: lwhite@cdflaborlaw.com
        cmoyle@cdflaborlaw.com

Attorneys for Defendant
AMERICAN EXPRESS TRAVEL RELATED SERVICES
COMPANY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA VERMA,<br><br>      Plaintiff,<br>v.<br><br>AMERICAN EXPRESS, a New York corporation; DOES 1-25, inclusive,<br><br>      Defendant. | Case No. C 08-02702 SI<br><br>Judge: Hon. Susan Y. Illston<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL, PROPRIETARY, PRIVATE AND/OR TRADE SECRET INFORMATION**<br><br>Action Filed:  May 29, 2008<br>Trial Date:  Sept. 21, 2009 |

CARLTON DiSANTE &
FREUDENBERGER LLP

317493.3

Case No. C 08-02702 SI
STIP. AND [PROPOSED] PROTECTIVE
ORDER RE CONFID. INFORMATION

**STIPULATION**

IT IS HEREBY STIPULATED by and between Defendant American Express Travel Related Services Company, Inc. ("Defendant") and Plaintiff Sandra Verma ("Plaintiff"), through their respective counsel, that a protective order be entered in this action in accordance with the following terms:

1. <u>Good Cause for Protective Order</u>. Given the nature of the allegations made by Plaintiff and the anticipated subjects of discovery in this action, various Discovery Responses (defined below) may contain confidential, private, proprietary, commercially sensitive, trade secret or other personal business information regarding, among other things, Defendant's clients, services, operations, and finances. Various Discovery Responses may also disclose information that involves third party privacy rights. Consequently, Defendant seeks and Plaintiff agrees to maintain the confidentiality of such Discovery Responses in this action. Moreover, the parties are willing to forego a Motion for a Protective Order at this time by mutually agreeing as to the proper method to keep, secure, use and handle such Discovery Responses.

2. <u>Application and Identification</u>. This Protective Order shall apply to all Discovery Responses that Defendant or Plaintiff identifies as being covered by this Protective Order. Such Discovery Responses shall clearly be marked and bear the notation "CONFIDENTIAL."

3. <u>Definitions</u>. The following definitions shall apply in the construction and application of this Stipulation and Protective Order.

    a. The phrase "Discovery Responses" means any documents or information produced by Defendant or Plaintiff in connection with this action, including but not limited to: (1) documents produced as part of the initial disclosures pursuant to the requirements of Federal Rule of Civil Procedure 26(a)(1); (2) documents produced pursuant to requests under the Federal Rules of Civil Procedure; (3) documents produced pursuant to a subpoena *duces tecum*; (4) documents produced voluntarily or in response to informal requests; (5) responses to requests for admissions; (6) responses to interrogatories; (7) responses to document requests; (8) deposition testimony; and (9) any information contained within any documents produced to Plaintiff or Defendant.

    b. The term "Non-Party" means any person or entity other than the named

parties in this action, their respective counsel, any attorney, paralegal, stenographic, clerical or secretarial personnel employed by counsel for the parties, or any person employed by counsel for the parties to assist such counsel in this action, such as experts or consultants. If this action is subsequently amended to add another plaintiff or plaintiffs, this Stipulation shall likewise apply with full force and effect to such other plaintiff or plaintiffs if they are represented by the same counsel as Plaintiff.

    c. The term "Disclosure" or any version thereof means to show, give, make available or communicate in any fashion any Discovery Responses, information concerning the existence or content of Discovery Responses, or any portion, version or summary of any Discovery Responses.

    d. The term "CONFIDENTIAL" is a designation that any party may apply to documents containing (1) sensitive client information, including client identities, client lists, and/or information relating to client-specific pricing, (2) contact information of individuals who are not parties to this lawsuit, including Defendant's employees, (3) financial information of Plaintiff, Defendant, or any non-parties and (4) medical and/or mental health care information.

  4. <u>Objection to Designation of "CONFIDENTIAL" Information.</u>  If a dispute arises over the propriety of the designation of a Discovery Response as Confidential Information, the party challenging the designation must meet and confer in writing with the designating party. If the parties are unable to resolve the dispute by meeting and conferring, the Party challenging the designation may file a motion with the Court to remove the "CONFIDENTIAL" designation. The challenged document or non-documentary matter will be treated as "Confidential" pending the Court's ruling on such motion.

  5. <u>Disclosure to Persons Affiliated with Counsel for Plaintiff.</u>  In the case of any Disclosure of Discovery Responses marked "CONFIDENTIAL" to Plaintiff's counsel of record or (a) any of the employees of Plaintiff's counsel of record, including any attorney, paralegal, stenographic, clerical or secretarial personnel; or (b) those employed by Plaintiff's counsel to assist such counsel in this action, such as experts or consultants; or (c) Plaintiff, counsel for Plaintiff shall inform those persons to whom any Disclosure is being made of the existence and effect of this

Stipulation and Protective Order and secure their agreement as to its terms and conditions.

6. <u>Disclosure to Persons Affiliated with Counsel for Defendant</u>. In the case of any Disclosure of Discovery Responses marked "CONFIDENTIAL" to Defendant's counsel of record or (a) any of the employees of Defendant's counsel of record, including any attorney, paralegal, stenographic, clerical or secretarial personnel; or (b) those employed by Defendant's counsel to assist such counsel in this action, such as experts or consultants; or (c) any employee of Defendant, counsel for Defendant shall inform those persons to whom any Disclosure is being made of the existence and effect of this Stipulation and Protective Order and secure their agreement as to its terms and conditions.

7. <u>Disclosure to Non-Parties</u>. Any Non-Party permitted access to Discovery Responses marked "CONFIDENTIAL" pursuant to this paragraph shall be informed of the requirement that such Discovery Responses be kept confidential in accordance with the terms of this Stipulation and Protective Order prior to obtaining such access and must agree to the terms herein in writing. Counsel for Plaintiff or Defendant, whichever is making the disclosure to the Non-Party, must maintain the original signed agreement for each Non-Party permitted access to Discovery Responses marked "CONFIDENTIAL" and must produce such signed agreement if so requested by counsel for any party.

8. <u>Subsequent Disclosure</u>. All persons permitted access by this Stipulation and Protective Order to any Discovery Responses marked "CONFIDENTIAL" may disclose the same, in whole or in part, only to those persons who have been permitted access to such information and documents pursuant to this Stipulation and Protective Order.

9. <u>No Waiver</u>. Nothing in this Stipulation and Protective Order shall be deemed to limit or waive any right of Defendant or Plaintiff to object to discovery with respect to any information or documents which may be claimed to be outside the scope of discovery for any reason, including without limitation the reasons that it is privileged, confidential, and/or trade secret information which would not adequately be protected by the provisions of this Stipulation and Protective Order. In addition, by entering into this Stipulation and Protective Order, Defendant and Plaintiff do not waive their respective rights to object to the admission of evidence of the

Carlton DiSante &
Freudenberger LLP

317493.3

3

Case No. C 08-02702 SI
STIP. AND [PROPOSED] PROTECTIVE
ORDER RE CONFID. INFORMATION

information and documents it/she deems confidential. Defendant and Plaintiff further retain their respective rights to use its/her own documents and information with complete discretion.

10. <u>Protecting Confidential Discovery Responses at Depositions</u>. If any Discovery Response marked "CONFIDENTIAL" is marked as an exhibit in a deposition, or during a hearing herein, and/or its contents are disclosed, wholly or partially, in the course of the testimony at such deposition, or hearing, counsel for the parties shall advise the reporter taking and transcribing the testimony at such deposition or hearing of the portions of such testimony that refer to such Discovery Response, and the exhibit itself, as well as the portions of the transcript containing such disclosure, shall be marked "CONFIDENTIAL" and shall be deemed subject to the provisions of this Stipulation and Protective Order. To this end, the reporter shall not furnish copies thereof to anyone other than counsel of record for the parties herein, and, if so requested by such counsel, the witness and/or the witness' counsel.

11. <u>Use of Confidential Discovery Responses in Court Filings</u>. The parties agree that they are not required to file pleadings and other papers submitted to the Court pursuant to this litigation under seal, except that Plaintiff and Defendant respectively agree that any Discovery Responses marked "CONFIDENTIAL" by the opposing party shall be submitted to the Court under seal pursuant to Northern District Civil Local Rule 79-5. Plaintiff and Defendant acknowledge that they will not file, quote, or append any Discovery Responses marked "CONFIDENTIAL" provided by the opposing party without complying with the requirements of Northern District Civil Local Rule 79-5.

12. <u>Use of Discovery Responses</u>. Discovery Responses marked "CONFIDENTIAL" and any information therein shall be used solely for the purposes of this litigation. Information contained in Discovery Responses marked "CONFIDENTIAL" may not be used by Plaintiff or counsel for Plaintiff for the purpose of soliciting any individual to initiate, pursue or join in any lawsuit against Defendant, including this litigation, unless otherwise ordered by this Court. Should either party seek to use any Discovery Responses marked "CONFIDENTIAL" at trial, the parties shall confer prior to the trial date in an effort to agree upon a procedure to ensure the confidentiality of such information and documents (*e.g.*, requesting a closed courtroom). In the event an

CARLTON DiSANTE &
FREUDENBERGER LLP

317493.3

4

Case No. C 08-02702 SI
STIP. AND [PROPOSED] PROTECTIVE
ORDER RE CONFID. INFORMATION

agreement is not reached, the matter will be submitted to the Court to determine how best to assure that the confidentiality of such information and documents is maintained in an appropriate fashion.

13. **Return of Confidential Documents.** Within thirty (30) days after the final termination of this action, any documents marked "CONFIDENTIAL" and all summaries and descriptions of such documents shall be returned to counsel for the party that produced such Discovery Response. Counsel may retain their working files, provided that the working files that contain any Discovery Responses marked "CONFIDENTIAL" be maintained in such a manner that access will not be given to any person not authorized to receive the information under this Stipulation and Protective Order.

14. **Continuing Effect and Enforcement.** The terms and conditions of this Stipulation and Protective Order shall remain in full force and effect until further order of this Court or a Court of competent jurisdiction and shall not cease to be in effect because this litigation is finally adjudicated. The Court shall retain jurisdiction over this matter after entry of final judgment to enforce the terms of this Stipulation and Protective Order.

15. **Further Protection.** Nothing contained in this Stipulation and Protective Order shall be deemed to preclude either party from seeking and obtaining from counsel for the opposing party or the Court, on appropriate showing, a further stipulation and/or protective order relating to any discovery in this case or the use of Discovery Responses at trial.

**IT IS SO STIPULATED:**

Dated: December 1, 2008    PIERCE & SHEARER LLP


By: /S/ - Stacy A. Smith
      Stacy A. Smith
Attorneys for Plaintiff
SANDRA VERMA

1  Dated: December 22, 2008    CARLTON DiSANTE & FREUDENBERGER LLP

3                By:  /S/ - Connor J. Moyle
                        Connor J. Moyle
4                Attorneys for Defendant
                AMERICAN EXPRESS TRAVEL RELATED SERVICES
5                COMPANY, INC.

6        * * * * * * * * * * * * * * * * * * * * * * *

7    PURSUANT TO STIPULATION, AND GOOD CAUSE APPEARING, IT IS SO
8  ORDERED.

10  Dated: _____    _____
                                                    /s/ Susan Illston
11                                        The Honorable Susan Illston
                                          Judge, United States District Court

---

CARLTON DiSANTE &
FREUDENBERGER LLP

317493.3

6

Case No. C 08-02702 SI
STIP. AND [PROPOSED] PROTECTIVE
ORDER RE CONFID. INFORMATION