IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA VERMA, | No. C 08-2702 SI |
| Plaintiff, | **ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION TO QUASH SUBPOENA** |
| v. | |
| AMERICAN EXPRESS and DOES 1-25, | |
| Defendants. | |

Plaintiff has filed a motion to quash a subpoena duces tecum served on a third party by defendant. The motion is scheduled for hearing on May 29, 2009. Pursuant to Civil Local Rule 7-1(b), Court finds this matter appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, and under the conditions set forth below, the Court GRANTS plaintiff's motion.

**BACKGROUND**

Plaintiff Sandra Verma has sued defendant American Express for sex discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), wrongful termination in violation of the public policy against discrimination, retaliation in violation of FEHA, and wrongful termination in violation of the public policy against retaliation. In connection with each cause of action, plaintiff alleges "mental and psychological damages in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish and emotional distress, all to her damage in amounts . . . to be proved at trial." Complaint ¶¶ 42, 50, 56, 62, prayer for relief ¶ 2. Plaintiff identified Dr. Alan P. Brauer in her responses to interrogatories seeking the identity of her emotional distress health care

provider. Decl. of Connor J. Moyle in Supp. of Def's Opp., ex. H. Defendant subsequently served a subpoena on Dr. Brauer's office, seeking all of his files regarding plaintiff's alleged physical and emotional or mental distress injuries. In the instant motion, plaintiff seeks to quash the subpoena.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 45(a)(1)(c), any party may serve a subpoena commanding a nonparty "to produce documents, electronically stored information, or tangible things . . . ." Fed. R. Civ. P. 45(a)(1)(C). The subpoena is subject to the relevance requirements set forth in Rule 26(b). Thus, the subpoena may command the production of documents which are "not privileged" and are "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Upon a timely motion, the court issuing such a subpoena shall quash it if it determines that the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

## DISCUSSION

The parties dispute whether plaintiff has put her mental condition at issue in this case and thus waived her right to privacy as well as the evidentiary privileges for communications between psychotherapists and patients, *see* Cal. Evid. Code § 1010.5, and between patients and physicians, *see* Cal. Evid. Code § 992.[1] A plaintiff's right to privacy under California and federal law similarly must be balanced against the right of civil litigants to discover relevant facts. *See Vinson v. Superior Court*, 43 Cal. 3d 833, 842 (1987). In California, otherwise privileged medical records become discoverable if a plaintiff places her mental or physical condition in controversy. *See* Cal. Evid. Code § 1016 ("There is no privilege under this article as to a communication relevant to an issue concerning the mental or emotional condition of the patient if such issue has been tendered by . . . [t]he patient . . . ."); *see also Vinson*, 43 Cal. 3d at 838 (1987) ("[A] party who chooses to allege that he has mental and emotional difficulties can hardly deny his mental state is in controversy."). A plaintiff does not put her

---

[1] The parties agree that California privilege law applies in this diversity case. *See* Fed. R. Evid. 501.

2

mental or physical condition at issue through a "simple sexual harassment claim asking compensation for having to endure an oppressive work environment or for wages lost following an unjust dismissal . . . . To hold otherwise would mean that every person who brings such a suit implicitly asserts he or she is mentally unstable, obviously an untenable proposition." *Id.* at 840. That is, a plaintiff who brings only a "garden variety" claim for emotional distress waives neither the evidentiary privileges nor her right to privacy under California and federal law. *See EEOC v. Serramonte*, 237 F.R.D. 220 (N.D. Cal. 2006).

Plaintiff contends she has not placed her mental health at issue because she has not brought a claim for intentional or negligent infliction of emotional distress, she does not allege that she suffered a psychiatric injury as a result of defendant's conduct, she does not claim to suffer from unusually severe emotional distress, and she does not intend to offer expert testimony regarding her emotional distress. Defendant responds that plaintiff has put her emotional state in controversy by claiming that she suffers "extreme and enduring" emotional harm, and that her emotional injuries are ongoing. *See* Complaint ¶¶ 42, 50, 56, 62.[2]

The Court agrees with defendant that plaintiff's allegations may state more than "garden variety" emotional distress. In *Serramonte*, the EEOC expressly stated that the plaintiff no longer had any symptoms of her emotional distress and sought medical treatment only on one occasion. 237 F.R.D at 224. Here, plaintiff alleged that she continues to experience "extreme" emotional distress although her employment was terminated in September of 2007. Plaintiff's allegations raise the possibility that her reaction exceeds "the suffering and loss an ordinary person would likely experience in similar circumstances." *See id.* (citation omitted). Accordingly, the Court finds that if plaintiff had intended to allege, and continues to allege, that she suffers ongoing emotional harm as a result of defendant's actions almost two years ago, plaintiff would have waived the evidentiary privileges and would have at least in part waived her right to privacy.

Plaintiff argues in the alternative, however, that if the Court finds she originally alleged more

---

[2] Although plaintiff does not specifically allege in her complaint that her emotional distress continues to the present day, her briefs make clear that she seeks to prove that her emotional injuries are ongoing. *See, e.g.*, Pl. Reply at 9.

3

than garden variety emotional distress, she should be permitted to limit her emotional distress claims as necessary to avoid placing her mental condition at issue. The Court finds plaintiff's proposal reasonable and construes her complaint accordingly. Plaintiff's complaint shall be interpreted to allege that she suffered only the suffering and loss an ordinary person would likely experience in similar circumstances. Specifically, her claims for emotional distress – and any proof of them to be presented at trial – shall be limited to the periods during her employment when she allegedly experienced harassment, retaliation and discrimination, and the period immediately following her allegedly wrongful termination. No expert testimony on this matter will be admissible.

In light of the foregoing conditions and limitations on the scope of plaintiff's claims, the Court finds that plaintiff alleges no more than garden variety emotional distress and therefore has not waived her right to invoke the psychotherapist-patient and physician-patient privileges as to her communications with Dr. Brauer.

## CONCLUSION

For the foregoing reasons and for good cause shown and under the conditions outlined above, the Court hereby GRANTS plaintiff's to quash the subpoena served by defendant on Dr. Brauer.

**IT IS SO ORDERED.**

Dated: May 26, 2009

SUSAN ILLSTON
United States District Judge